UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In Re: | * | |
| VIJAY K. TANEJA, et al., | * | Case No. 08-13293-SSM<br>Chapter 11 |
| Debtors | * | Jointly Administered |
| | * | |
| J. JASON GOLD, Chapter 11 Trustee | * | |
| Plaintiff, | * | |
| v. | * | Adv. Proc. No. 10-01203 |
| PURAN MITTAL | * | |
| Defendant. | * | |

## MOTION FOR SANCTIONS

Puran Mittal ("Mittal") by and through his undersigned counsel, and pursuant to Rule 9011 of the Bankruptcy Rules, hereby moves this Court for Sanctions against the Plaintiff and its counsel, for the filing of a Complaint and Amended Complaint in this matter and, in support thereof, states as follows:

1.   Mittal is an individual resident of the Commonwealth of Virginia.  He is a real estate broker/agent, and is the owner of Modern Realty LLC, successor in interest to Modern Realty Company.

2.   The Trustee filed his initial Complaint in this Adversary Proceeding against Mittal seeking the "avoidance and recovery of fraudulent transfers" totaling $494,458, plus attorney's fees and costs.  Of the foregoing sum, $366,629 were payments purportedly by the Debtor and/or his

O'CONNOR & VAUGHN LLC
Robert L. Vaughn, Jr., VSB 20633
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile
*Counsel for Modern Realty LLC*

entities to an entity referred to in the Complaint as Terwin Advisors LLC/The Winter Group ("Terwin").  However, the Complaint makes no attempt to set forth any connection between Mittal and Terwin, nor for that matter, any connection between the $366,629 in purported payments and Mittal.  The Amended Complaint likewise is wholly devoid of any such factual allegations.  In fact, the Amended Complaint does not even attempt to identify Terwin itself, only referring to "Terwin." Amended Complaint ¶39.  It is submitted that the reason no effort was made to make such a connection is simple: none exists.

   3. The original Complaint similarly makes no effort to make a connection between Mittal and the balance of the amounts claimed except for stating that such amounts were paid by the Debtor and/or his entities to Mittal between 2003 and 2007, with the vast majority of such payments being made in 2005.  Complaint, Exhibit 2.

   4. The only additional allegations in the Amended Complaint with regard to the foregoing payments are in (i) what is now paragraph 41, reciting that the Trustee is unable to determine from Elite's books whether the $100,000 paid to it by Mr. Mittal was a loan, but effectively acknowledging that Mr. Mittal relates that it was, and (ii) former paragraph 60, now paragraph 61, stating that "To the extent that there was no legal obligation by Elite to repay....Elite received no consideration valuable in law for the $12,757.00 payment made to Defendant on May 4, 2007...."

   5. In point of fact, Mittal's only connection with the present adversary proceeding is that he made a loan to the Debtor in the sum of $100,000 on or about April 15, 2004, which loan was repaid between February 2005 and May 2007.

   6. The Trustee has had access to and has reviewed and/or should have reviewed all of the documentation surrounding the foregoing transactions and should have actual knowledge of the lack of any connection between Mittal and Terwin, and of the loan from Mittal to Debtor.  With

regard to the latter, the undersigned even provided the Trustee's counsel with a copy of the check representing Mittal's loan to Debtor PRIOR to the Trustee's filing of the Amended Complaint.

7.  The subject Complaint is one of a multitude of boilerplate like Complaints filed by the Trustee, all with the same basic allegations with no attempt to differentiate between the various defendants. One such Complaint was against Modern Realty, which likewise wholly lacked any factual basis and has since been withdrawn by the Trustee. A Motion for Sanctions is pending with regard to that filing.

8.  Mittal has been unnecessarily caused to incur attorney's fees in responding to the Trustee's frivolous Complaint, and now its equally frivolous and meritless Amended Complaint.

WHEREFORE, Puran Mittal, prays that the subject Amended Complaint be dismissed, with prejudice, that it be awarded its attorney's fees expended herein, and for such other appropriate sanctions as this Court deems just and proper.

**Puran Mittal**, **Defendant**
*By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
703-689-2100 Telephone
703-471-6496 Facsimile

By  /s/ Robert L. Vaughn, Jr.
 Robert L. Vaughn, Jr.
 *Counsel for Modern Realty, LLC*

### Certificate of Counsel

The undersigned, Robert L. Vaughn, Jr., does hereby certify that a copy of the foregoing Motion for Sanctions was sent via mail or email this 30th day of July, 2010, to:

> Christopher A. Jones, Esq.
> Whiteford, Taylor & Preston, LLP
> 3190 Fairview Park Drive, Suite 300
> Falls Church, VA 22042

Kevin G. Hroblak, Esq.
7 St. Paul Street, Suite 1800
Baltimore, Maryland 21202

Lawrence E. Rifkin
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102

Office of the U.S. Trustee
200 S. Union Street, Suite 210
Alexandria, VA 22314

                                         /s/ Robert L. Vaughn, Jr.
                                         Robert L. Vaughn, Jr.